# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| MARSHALL A KHAN, | Case No. 2:21-cv-00003-KJD-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |
| ANDREW SAUL, Commissioner of Social Security | |
| Defendant. | |

Before the Court is pro se plaintiff Marshall A Khan's application to proceed *in forma pauperis* (ECF No. 1). Khan's in forma pauperis application is denied.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

 The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See e.g. *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

 Khan altered the Court's Short Form: for example, he changed the caption to read "For the Republic[1] District of Nevada" and he changed question 8, which asks if the pro se litigant has "[a]ny

---

[1] Other courts have noted that so called, "sovereign citizens" claim they are not citizens of the United States but rather a citizen only of the "sovereign states" such as the "California Republic." See *Marks v. Wrigley*, No. 1:06-CV01695OWWTAGHC, 2007 WL 1463423, at 4 (E.D. Cal. May 18, 2007), report and recommendation adopted, No. 106CV01695OWWTAGHC, 2007 WL 1660684 (E.D. Cal. June 7, 2007) (collecting cases). Plaintiff Khan's case is not a social security appeal: it appears that he is a

debts or financial obligations, to "any debts or financial trickery." (ECF No. 1 at 2). Plaintiff states that he has no income and that he is reliant upon his wife: he does not include his wife's income in his IFP application. Since the plaintiff altered the Court's form and omitted information regarding his wife's income, the Court finds that plaintiff is concealing information about his household income and the Court cannot determine whether the applicant qualifies for IFP status. The Court will give plaintiff one opportunity to file a complete IFP application. The Court orders that the plaintiff must complete the Long Form application and he must not alter the form. Since he must complete the Long Form, plaintiff is required to provide comprehensive information regarding the applicant and his spouse's sources of income, employment history, bank accounts, assets, monthly expenses, age, and years of schooling among other things.

Plaintiffs' application to proceed in forma pauperis is denied without prejudice. The Court will give plaintiff 30 days to file an updated Long Form application. Plaintiff may alternatively pay the filing fee in full. Since the Court denies plaintiff's IFP application, it does not screen his complaint now.

ACCORDINGLY,

IT IS ORDERED that Khan's application to proceed in forma pauperis (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Khan has until Thursday, February 4, 2021 to file an updated IFP application or pay the filing fee as specified in this order. Failure to timely comply with this Order may result in a recommendation for dismissal with prejudice.

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

---

sovereign citizen seeking a refund of the money he has paid into Social Security through this action. (ECF No. 1-1).

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 5th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE