# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| MARSHALL A KHAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>　　　　　　Defendant. | Case No. 2:21-cv-00003-KJD-VCF<br><br>**Report and Recommendation to Administratively Close Case**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 6) |

　　　　The Court previously denied pro se plaintiff Marshall A Khan's application to proceed in forma pauperis (ECF No. 1) because he altered the Court's Short Form[1]: the Court found that his alterations supported a finding that he was concealing his financial information and the Court ordered that he either submit the Court's long form in forma pauperis application or pay the filing fee. (ECF No. 4). Khan has now filed his own typed version of an informa pauperis application (it does not address his finances) (ECF No. 6) rather than filing the long form application per the Court's order. The Court recommends denying Khan's new in forma pauperis application. (ECF No. 6). Since a complaint has not been lodged in this matter given that plaintiff has not paid the filing fee or complied with this Court's order regarding his informa pauperis application, the Court also recommends administratively closing this case.[2]

## DISCUSSION

---

[1] The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form.

[2] Plaintiff Khan's case is not a social security appeal: it appears that he is a seeking a refund of the money he has paid into Social Security through this action. (ECF No. 1-1).

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for in forma pauperis status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See e.g. *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30,

2016).

The Court found in its previous order that Khan altered the Court's Short Form: for example, he changed the caption to read "For the Republic District of Nevada" and he changed question 8, which asks if the pro se litigant has "[a]ny debts or financial obligations, to "any debts or financial trickery." (See ECF No. 4, citing to ECF No. 1 at 2). Plaintiff also stated that he is financially reliant upon his wife, but he did not include his wife's income in his application. (*Id*.) The Court found that since he altered the Short Form and omitted information regarding his wife's income, that plaintiff was concealing information about his household income and the Court could not determine whether the Khan qualified for informa pauperis status. (*Id*.) The Court ordered that the plaintiff must complete the Long Form application and he must not alter the form (or alternatively pay the filing fee). (ECF No. 4 at 2-3).

Plaintiff did not file the Long Form or pay the filing fee per the Court's order. Plaintiff instead filed a nine-page typed "application to proceed informa pauperis" (it is not the Court's Long Form application). (ECF No. 6). Plaintiff asks the Court for a "definition of U.S. Citizen, or so-called U.S. Citizen" and he goes on to explain the merits of his underlying compliant, such as why the Social Security Act does not require a person to have a social security number to live and work in the United States. (*Id.* at 2). Plaintiff also does not address his finances, including his wife's income, in his version of the application. (*Id*.) Since Khan has not complied with the Court's order or paid the filing fee, the Court recommends that his application at ECF No. 6 be denied. The Court also recommends that this case be administratively closed.

ACCORDINGLY,

IT IS RECOMMENDED that Khan's new application to proceed in forma pauperis (ECF No. 6) be DENIED.

3

IT IS FURTHER RECOMMENDED that this action be administratively CLOSED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 25th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE